IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| DOUGLAS LEELON WOOTEN, | |
| Plaintiff, | CIVIL ACTION NO.: 2:21-cv-92 |
| v. | |
| PRESTON BOHANNON, et al., | |
| Defendants. | |

### REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.  Doc. 1.  This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A.  For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

(1) All claims against the Jeff Davis County Sheriff's Department; and

(2) All claims against Defendants Bell and McRae

However, I **FIND** Plaintiff's deliberate indifference to a serious medical condition claim against Defendant Bohannon may proceed.

### PLAINTIFF'S CLAIMS[1]

Plaintiff is a pretrial detainee currently being held in the Appling County Detention Center.  Doc. 1 at 1.  Plaintiff claims he broke his foot prior to his arrest in January 2021, and he received treatment for this broken foot while awaiting trial.  Id.  Despite Plaintiff's doctor recommending surgery on two different occasions, Defendant Bohannon did not sign off on the

---

[1] All allegations set forth here are taken from Plaintiff's Complaint.  Doc. 1.  During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

paperwork to allow Plaintiff to receive surgery to fix his broken foot. Id. at 6. Furthermore, Plaintiff claims Defendant Bohannon lied to the nurse and his mother when they inquired about the status of his surgery, saying the doctor "released" him and medication could not be given for his foot. Id. Plaintiff states he wants "to take actions for pain and suffering" since he has been walking on his broken foot for the past 8 months and to ensure "inmates in the future are tak[en] care of properly." Id. at 7.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a

complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

## DISCUSSION

I. **Plaintiff's Claims Against Jeff Davis County Sheriff's Department**

Plaintiff names the Jeff Davis County Sheriff's Department in his Complaint, though he does not say what legal wrongs the office committed against him. Doc. 1 at 1. To state a claim for relief under § 1983, a plaintiff must allege "a person acting under color of state law" committed the act or omission in dispute. Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). While local governments qualify as "persons" under § 1983, state agencies are generally not considered legal entities subject to suit. See Nichols v. Ala. State Bar, 815 F.3d 726, 731(11th Cir. 2016) (noting the Eleventh Amendment bars § 1983 suits against state agencies) (citing Papasan v. Allain, 478 U.S. 265, 276 (1986)); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit . . . .") (citations omitted); Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (analyzing Georgia law and concluding the same).

Because the Jeff Davis County Sheriff's Department is a state agency, it is not a "person" subject to suit under § 1983. Hale, 50 F.3d at 1582. For this reason, I **RECOMMEND** the Court **DISMISS** all claims against the Jeff Davis County Sheriff's Department.

II. **Plaintiff's Claims Against Defendants Bell and McRae**

The Eleventh Circuit Court of Appeals has held a district court properly dismisses a defendant where a plaintiff fails to state any allegations that associate the defendant with a legal wrong. Douglas v. Yates, 535 F.3d 1316, 1321–22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal

particularity how overt acts of the defendant caused a legal wrong."). Plaintiff lists Defendant Bell as a party to the lawsuit, but never mentions how he might be associated with the alleged legal wrongs. Doc. 1 at 4. Additionally, while Plaintiff mentions Defendant McRae in his statement of claim, she is only described as informing Plaintiff of what she discovered when she checked on the status of his foot surgery. Id. at 6. Plaintiff makes not specific factual allegations concerning Defendant McRae's acts or omissions that would give rise to any cognizable claim against her. For this reason, I **RECOMMEND** the Court **DISMISS** all claims against Defendants Bell and McRae.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

(1) All claims against the Jeff Davis County Sheriff's Department; and

(2) All claims against Defendants Bell and McRae

However, I **FIND** Plaintiff's deliberate indifference to a medical serious condition claim against Defendant Bohannon may proceed.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to

file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 10th day of November, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA